United States v. Sahil Patel

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

AMENDED SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT: DENNIS JACOBS,
         REENA RAGGI,
         CHRISTOPHER F. DRONEY,
                   Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - -X
United States of America,
         Appellee,

         -v.-                                      15-2399

Sahil Patel,
         Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:              Melissa Baldwin (Marianne
                            Mariano, on the brief), Federal
                            Public Defender's Office,
                            Western District of New York,
                            Buffalo, New York.

FOR APPELLEES:              Andrew C. Adams, Assistant
                            United States Attorney, Joon H.
                            Kim, United States Attorney for
                            the Southern District of New
                            York (Anna M. Skotko, Assistant
                            United States Attorney, on the
                            brief), New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Hellerstein, J.)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Sahil Patel appeals from the judgment of the United States District Court for the Southern District of New York sentencing him principally to 175 months in prison after he pled guilty to conspiracy to commit extortion, conspiracy to impersonate a federal officer, conspiracy to commit wire fraud, and aggravated identity theft in connection with international extortion and money laundering. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Between December 2011 and November 2013, Patel participated in a criminal conspiracy in which anonymous callers based in India would impersonate FBI agents to threaten victims in the United States with imminent arrest unless they paid hundreds or thousands of dollars. He pleaded guilty to all four counts charged in the indictment without a plea agreement, and did not object during sentencing to the Guidelines offense level of 34 and sentencing range of 175 to 212 set forth in the Government's Pimentel letter. The district court sentenced Patel to 151 months on Counts One through Three, the bottom of the guidelines range, followed by a mandatory two years for aggravated identity theft on Count Four.

Patel challenges his guidelines sentence as procedurally and substantively unreasonable. We review the reasonableness of a sentence for abuse of discretion. United States v. Cavera, 550 F.3d 180, 187 (2d Cir. 2008)(en banc)(citing Gall v. United States, 552 U.S. 38, 46 (2007)). This discretion is broad: although district courts must consult the Sentencing Guidelines when imposing sentence, they may "tailor the appropriate punishment to each offense...." Id.; see United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008) (noting the Sentencing Commission policy statements are only advisory and are not binding on the district court). A sentence within the Guidelines range is entitled to "a presumption of reasonableness." Gall, 552 U.S. at 51.

2

1. A district court commits procedural error when, *inter alia*, it fails to consider the Section 3553(a) factors in explaining its chosen sentence or "rests its sentence on a clearly erroneous finding of fact." United States v. Cavera, 550 F.3d at 190 (internal citations omitted). "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," and "do not require robotic incantations" with respect to each of them. United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks omitted). The weight accorded any particular factor "is a matter firmly committed to the discretion of the sentencing judge...." Verkhoglyad, 516 F.3d at 131.

Patel argues that his sentence was procedurally unreasonable because the district court overstated his role in the criminal conspiracy, which (Patel asserts) was a limited effort to secure debit cards to process the victims' payments. Patel acknowledged at sentencing that he had no factual objections to the Presentencing Report ("PSR") or to the guidelines calculation. See J. App'x 133, 135, 140-42. The PSR indicated that Patel obtained the debit cards to which victims would deposit payment using pre-paid "Money Pak" codes and wired the illicit proceeds to India. It further detailed how Patel recruited and led a team of subordinates to perform these functions and serve as money laundering tools. To the extent Patel argues that the district court erred in making reference to Patel's possible procurement of "lead sheets" that contained identifying information for potential victims, Patel's concession that he had access to a shared email account from which lead sheets were found defeats his claim of district court error.

The court characterized Patel's recruitment of debit card account holders as stealing people's names. Patel challenges that characterization, but the evidence adduced by the Government during the sentencing process showed that Patel took advantage of vulnerable and less intelligent individuals who did not understand the precise nature of the crime or its consequences. His counsel acknowledged at sentencing that Patel "knew that real people were being defrauded" as part of the scheme. J. App'x at 156. Moreover, the overall scheme did involve stealing identities, at least through the impersonation of actual FBI agents.

3

Patel also challenges the Government's assertion that he was a leader or prominent player in aspects of the conspiracy. He does not show, however, any unfair impact on his sentence. He concedes that he recruited and supervised others under his employ in the fraudulent enterprise, and even referenced his "underlings" at the sentencing hearing. J. App'x at 157. The Government requested a Guidelines sentence to account for Patel's predatory behavior targeting financially dependent co-conspirators and the need to deter deliberate fraud. In reviewing Patel's conduct in light of the Section 3553(a) factors, the court focused on the wide ranging injurious effects of the fraudulent scheme and Patel's calculated manipulation, not on his purported leadership position. The district court did not err by rejecting the Patel's "self-serving characterization[] of his role...." United States v. Shonubi, 998 F.2d 84, 90 (2d Cir. 1993).

Patel further contends that a downward departure was warranted because the cumulative impact of the various enhancements "substantially overstates the seriousness of the offense." See U.S.S.G. § 2B1.1, cmt. n.20(C). The offense level of 34 reflected increases based on: more than 250 victims, § 2B1.1(b)(2)(C); the loss exceeding $1 million, § 2B1.1(b)(1)(I); the co-conspirators' misrepresentations that they were acting on behalf of the FBI and the IRS, § 2B1.1(b)(9)(A); and the international dimension of the sophisticated crime, § 2B1.1(b)(10). Patel fails to challenge the technical propriety of any of these enhancements or the accuracy of the resulting Guidelines calculation. See United States v. Cavera, 550 F.3d at 190.

It is not procedural error for the court to refuse a discretionary downward departure after reviewing the Section 3553(a) factors. Here the district court decided upon a considered review that a sentence at the bottom end of the Guidelines range sufficed to capture the seriousness of the offense. This decision is within the sound discretion of the district court, and lies beyond our limited review.[1] See Verkhoglyad, 516 F.3d at 131; United States v. Carpenter, 252 F.3d 230, 234 (2d Cir. 2001).

_____

[1] For the same reason, Patel's contention that the court failed to consider his drug addiction is meritless. The court considered the addiction, but did not find it persuasive as a mitigating factor. J. App'x at 163.

4

2.	Substantive reasonableness doctrine serves as a "backstop for those few cases that, although procedurally correct, would nonetheless damage the administration of justice because the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).  We "set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'"  United States v. Cavera, 550 F.3d at 189.

We may afford a "presumption of reasonableness" to Guidelines sentences.  Rita v. United States, 551 U.S. 338, 346-47 (2007); see Gall, 552 U.S. at 51.  Here, the sentence was at the bottom of the Guidelines range.  Patel provides no rebuttal beyond the criticism of the statutory enhancements that he challenges on procedural grounds.  At sentencing, the judge offered a thoughtful explanation of why the multiple enhancements and resulting lengthy sentence served the interests of justice and deterrence considering the specific nature of this scheme and the impact of Patel's conduct.  Given the totality of the circumstances and our deference to the district court's analysis, the Guidelines sentence was substantively reasonable.  See Rigas, 583 F.3d at 123-24.

For the foregoing reasons, and finding no merit in Patel's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5